## THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SISER NORTH AMERICA, INC., a Delaware corporation, and SISER S.R.L., an Italian corporation, | CIVIL ACTION<br><br>Case No. _____<br><br>Hon. |
| Plaintiffs, | |
| v. | |
| WORLD PAPER, INC., a dissolved Florida corporation; HERIKA G INC., EKATERINA KOSTIOUKHINA (or KOSTIOUKINA), HG WORLD GROUP, INC., HERNAN GONZALEZ and DOES 1-10, Inclusive, | |
| Defendants. | |

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiffs SISER S.R.L. ("SISER s.r.l.") and SISER NORTH AMERICA,

INC. ("Siser") (collectively "Plaintiffs"), through their attorneys Fishman Stewart

PLLC, assert the following claims against Defendants WORLD PAPER, INC.

("World Paper"), Herika G Inc. ("Herika"), Ekaterina Kostioukina (or

KOSTIOUKINA ("Ms. Kostioukina"), HG WORLD GROUP, INC. ("HG

World"), HERNAN GONZALEZ ("Mr. Gonzalez") and Defendants DOES 1-10

("Doe Defendants") (collectively all defendants are referred to as "Defendants,"

where appropriate).

## NATURE OF THE ACTION

1.     This is a civil action for damages and injunctive relief alleging acts of

trademark infringement, copyright infringement, false advertising, unfair

competition, false designation of origin, passing off, counterfeiting and unjust

enrichment under federal, state and/or common law.  Specifically, on information

and belief, Defendants are fraudulently promoting and selling on Amazon® and

eBay®  and potentially on their own website, www.world-paper.com, as well as

other websites, counterfeit products under one or more of SISER s.r.l.'s Marks,

namely, CADFLEX™, REFLECTALL™, EASYWEED™, SISER (stylized)® and

SISER™ (collectively, "Marks").  Defendants' infringing products contain material

physical differences from the products Plaintiffs sell under the Marks and, on

information and belief, Defendants' unauthorized promotion, import, export and

sale of its products within the United States and this District violate Plaintiffs'

statutory and common law trademark rights and constitute false designation of

origin and unfair competition.  Further, Defendants have also willfully infringed

Plaintiff Siser's proprietary content subject to a federal Copyright Registration

under Registration No.  TX 8-234-581 (the "'581 Registration").

## THE PARTIES

2.      Plaintiff SISER S.R.L. ("SISER s.r.l.") is an Italian corporation located on Viale Della Technica in Vicenza, Italy.  SISER s.r.l. is the owner of the Marks being asserted in this action.

3.      Plaintiff SISER NORTH AMERICA, INC. ("Siser") is a Delaware corporation, acting as the corporate division of, and the U.S. sales and marketing arm of SISER s.r.l.  Siser has its principal place of business at 12900 Hall Road, Suite 270, Sterling Heights, Michigan 48313.  Siser is the owner of the copyright registration asserted in this action.

4.      Upon information and belief, World Paper has or had a principal place of business at 13825 SW 88Street, #200, Miami, Florida 33186.  World Paper, however, is no longer a validly subsisting Florida corporation.  According to the records of the Florida Secretary of State, World Paper was administratively dissolved in 2000.  Yet, World Paper continues to have an active website at www.world-paper.com.  A recent Priority Mail 2-Day shipment from World Paper, however, indicates that its return address is 110 N. Federal Highway, No. 1408, Fort Lauderdale, Florida, 33301.  **EXHIBIT A.**  On information and belief, this address is for a residential apartment building.

5.     According to the website at www.world-paper.com, Defendants "are your worldwide supplier of heat printing products, equipment and accessories for textiles."  In connection therewith, and on information and belief, Defendants have made sales to Michigan, including to this judicial district, of counterfeit and infringing products.

6.     Upon information and belief, the individual defendant Ms. Kostioukina (or Kostioukhina) is the Registrant, Administrator, and Technical contact for the subject website www.world-paper.com.  Ms. Kostioukina's address is indicated on the "Whois" report for www.world-paper.com as 110 North Federal Highway, #1408, Fort Lauderdale, Florida 33301, the same address that appears in Exhibit A as the return address for World-Paper.

7.     Upon information and belief, Ms. Kostioukina is the owner of "WORLD-PAPER" and is believed to be affiliated with Defendants Herika and HG World.  Per an earlier Google landing page for the search "World Paper," **EXHIBIT B,** WORLD-PAPER is engaged in business at 110 North Federal Highway #1408, Fort Lauderdale, Florida 33301 and from the web site www.world-paper.com (the same address provided for Ms. Kostioukina).

8.     Upon information and belief, Herika is a validly subsisting Florida corporation formed in 2014, with its principal place of business at 2350 NW 33

Street, #801, Oakland Park, Florida 33309.  Upon information and belief, Herika is

an importer from South Korea and perhaps elsewhere of heat transfer films and

vinyls, including, on information and belief, the counterfeit heat transfer vinyls sold

by Defendants.

9.     HG World is a Florida corporation whose principal place of business

according to the Florida Secretary of State is 1109 NE 2nd Avenue, Fort Lauderdale,

Florida 33304.  Its website, www.hgworld.us/fortlauderdaleheattransfervinyl

indicates that its business address is 833 NE 2nd Avenue, Fort Lauderdale Florida,

33304.  As a matter of fact, the website appearing at http://en.52wmb.com/b-

ekaterina_kostioukhina/3885824 indicates that Ms. Kostioukhina's address is 833

NE 2nd Avenue, Fort Lauderdale, Florida 33304, the same as HG World's address.

10.    On information and belief, HG World is a distribution company that

distributes heat transfer vinyl between related entities.  On information and belief,

World Paper sources all of its products for sale, including counterfeit products,

from HG World.  Defendant Hernan Gonzalez appears to be the owner of the

website,< www.hgworld.us>.  He is also the incorporator and registered agent for

HG World.  Mr. Gonzalez's address is the same as the registered address for HG

World, above.

5

11.     Plaintiffs are presently unaware of the true names and identities of the Doe Defendants, but are informed and believe that persons and entities in addition to the specifically named Defendants are directly and personally contributing, inducing, and/or engaging in the sale of counterfeit and infringing goods as alleged herein as partners of and/or suppliers to Defendants, and are legally liable for matters alleged in this Complaint.  Plaintiffs will amend or seek leave to amend this Complaint as appropriate to add additional specific defendants upon determining the true names and identities of the Doe Defendants.

12.     Plaintiffs are informed and believe, and on that basis allege, that during all times mentioned herein, each of the Defendants was the duly authorized agent, servant, or representative of each other defendant and was acting at all times both on its or his own behalf and on behalf and within the course and scope of its or his agency or representative capacity, with the knowledge and consent of the other defendants.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a) (1) and 1338(a) and (b).  On information and belief, the parties are citizens of different states and the amount in controversy exceeds the jurisdictional limit of this Court.  Jurisdiction

over the state law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of supplemental jurisdiction.

14.     This Court has personal jurisdiction over Defendants.  On information and belief Defendants are importing, promoting, selling and/or distributing the products at issue in this Complaint into this State and District and have purposefully availed themselves of the privilege of acting in this District by, among other things, soliciting sales through their interactive website at <www.world-paper.com> and through third party e-commerce businesses including eBay® (www.ebay.com) and Amazon.com® (www.amazon.com), on which sales orders can be placed and on which Defendants sell and have sold counterfeit and infringing products incorporating Plaintiffs' Marks.

15.     The www.world-paper.com, www.ebay.com and www.amazon.com websites are accessible by internet users throughout the country, including users in Michigan, including those in this District.  Defendants have caused and will continue to cause injury and damage to Plaintiffs within this State and District.

16.     Venue in this judicial District is proper pursuant to 28 U.S.C. §§ 1391(b).  Defendants have, on information and belief, either directly or through agents shipped counterfeit product into this District and the damages suffered by Plaintiffs were suffered in this District.

## GENERAL ALLEGATIONS

### PLAINTIFF'S ACTIVITIES AND PROPRIETARY RIGHTS

17.    Founded in Vicenza, Italy, in 1983, SISER s.r.l. is the world's leading manufacturer of heat transfer vinyl, 'print and cut' media, and other innovative thermo-transfer materials for applications on fabrics, both for the sports sector, as well as for die-cutting.

18.    Siser is a division of SISER s.r.l.  Its computer-assisted-design materials include its bestselling Easyweed™ polyurethane films.  These films are used for every type of apparel decoration, from sports garments to high fashion wear.  Siser sells many products in the garment decoration niche, in a huge range of colors and finishes, through its worldwide distribution network.  In addition to supplying product, Siser provides support and education on the application of its heat transfer materials, as well as online training and technical information.

19.    Among others, SISER s.r.l. owns the following trademarks in the United States:

| Trademark | Registration or Serial No. | Date Registered | International Class |
|-----------|---------------------------|-----------------|---------------------|
| EASYWEED | Ser. No. 85/470,669 | N/A (USTM application in process) | 17 |

| SISER (stylized) | Reg. No. 2,272,824 | 08.24.1999 | 16 |
|---|---|---|---|
| SISER | Ser. No. 86/926,085 | N/A (USTM application in process) | 07, 16, 17 |
| CADFLEX | Ser. No. 87/148,209 | N/A (USTM application in process) | 17 |
| ReflectAll | Ser. No. 87/152,465 | N/A (USTM application in process) | 17 |

A copy of the registration certificate for SISER (stylized)® is attached at **Exhibit C**. That registration is incontestable and thus constitutes conclusive evidence of Plaintiffs' trademark ownership, their exclusive right to use that mark throughout the United States and the validity of the registration and the mark. Plaintiffs have common law rights in EASYWEED, SISER, REFLECTALL and CADFLEX, each of which has been assigned U.S. Trademark Office Serial Numbers as they proceed through United States Trademark prosecution.

20.    Plaintiffs are market leaders who have provided and are providing products in interstate commerce throughout the United States and the world. Their products are sold through distributors to consumers bearing the relevant Marks. Plaintiffs exercise great care in selecting their distributors. In doing so, Plaintiffs expend substantial money to control the nature and quality of the goods and

services that such distributors may employ in using Plaintiffs' marks.

21.     Plaintiffs have also expended significant time, money and effort in ensuring that their products comply with their stringent internal quality standards. They have also spent significant money in advertising their products and to specifically promote and develop their Marks.  These substantial expenditures of time, money and effort have resulted in a reputation for exceptionally high quality standards.  They have vigorously protected their reputation and goodwill by maintaining the highest possible standards in their products, appearance and customer service.

22.     Because of these efforts, Plaintiffs' Marks and the products that use them have developed substantial good will and as a result of the quality of Plaintiffs' goods and widespread promotion thereof under Plaintiffs' Marks, Plaintiffs' goods and services have met with substantial commercial success and widespread consumer recognition.  As a further result, Plaintiffs' Marks have become symbols of Plaintiffs, their quality products and services, and their goodwill.   By virtue of the inherent and acquired distinctiveness of Plaintiffs' Marks, Plaintiffs' Marks are widely known to consumers and have become famous.

23.      Plaintiffs have, for many years, maintained successful websites, including Siser's website at www.siserna.com, which features a wide variety of

Plaintiffs goods, and on which customers can place orders directly over the internet, as well as review descriptions and specifications of the Siser goods.

24.     At all relevant times, Plaintiffs have been the holder of the exclusive rights to their websites' contents, including derivative works.  Siser has a Copyright Registration of Siser's website content, which is attached as **Exhibit D.**

## DEFENDANTS' WRONGFUL ACTS

25.     Notwithstanding the fame of Plaintiffs' Marks and Plaintiffs' continuous and exclusive use of and their prior rights in Plaintiffs' Marks, on information and belief Defendants appropriated, subsequent to Plaintiffs' first use, the same designations as Plaintiffs on products that are not Plaintiffs' products, but are similar thereto and are, in fact, counterfeit products.

26.     Plaintiffs discovered the infringement on or about June 14, 2016, when Siser received an email from one of its customers, complaining that she purchased what World-Paper advertised on Amazon as Siser Easyweed, but which, upon use, was clearly not as advertised.  **Exhibit E** includes the customer's Amazon order summary, showing the product fraudulently advertised as SISER EASYWEED, when it was not SISER EASYWEED, as well as the customer's email to Siser alerting it to the misbranded merchandise.

27.     Siser thereafter placed its own orders on Amazon to determine whether World-Paper was in fact selling counterfeit products.  **See Exhibit F**.  The product was shipped from World-Paper to Michigan, where Siser's Technical Product Specialist reviewed the material and confirmed that what World-Paper was selling on Amazon as EASYWEED, was in fact <u>not</u> EASYWEED.  This was conclusively determined as Siser's standard shades of yellow in EASYWEED have a white backing, to improve opacity, whereas the World-Paper counterfeit version did not have a white backing.  <u>Id.</u>  Plaintiffs have redacted certain information on exhibits E and F, due to the privileged nature of certain of the contents and to shield the privacy of third parties.

28.     Plaintiffs have continued to date to test the authenticity of Defendants' products on various websites.  On information and belief, in addition to their counterfeit sales on www.amazon.com, Defendants have sold counterfeit versions of Siser's CADFLEX product and ReflectAll product, both on eBay.

29.     Although a recent test purchase from Defendants' www.world-paper.com website did not yield any definitively counterfeit products, Defendants' decision to sell a combination of authentic and counterfeit Siser product could only have been to further confusion in the market, as the net effect is to mislead

consumers into believing that the counterfeit is authentic and the authentic is counterfeit.

30.     In addition to Defendants' trademark infringement and associated intentional torts, Defendants have cloned, reproduced, displayed and/or distributed copies of Siser's original website content without Siser's consent or authorization. By way of example, **Exhibit G** contains a page print from World-Paper's eBay page, advertising EASYWEED™ as, "Our Best-Selling Heat Transfer Vinyl for T-Shirts."  The content of that page is a <u>direct copy</u> of **Exhibit H,** Siser's webpage at www.siserna.com/easyweed, advertising EASYWEED™, headed, "Our Best-Selling Heat Transfer Vinyl for T-Shirts."  Exhibit H contains content that is the subject of the '581 Registration.

31.     Apart from its alleged sales of counterfeit merchandise and its copyright infringement, World-Paper, as operated by Defendants, has a blemished reputation, a reputation that easily could taint Plaintiffs if Defendants are not enjoined from continuing to conduct their business as a vehicle for fraud.

32.     A Google® search of WORLD PAPER has resulted in a landing page that references "2 Google reviews."  **Exhibit B.**

33.     Clicking the link to the reviews has pulled up another page, **Exhibit I.** The first reviewer says, referring to WORLD-PAPER, "this place is not real and

every time I call the number it goes to voicemail.  This place is bogus."  The second

reviewer responded, saying that the place is real but they need to know your

company prior to selling to you and if you send them a message they will call you.

"Great Prices."  Of course the prices are "great," when compared to Plaintiffs'

prices; on information and belief, Defendants' products are poorly executed

counterfeits of Plaintiffs' products.

34.    **Exhibit J** is a customer's review of World- Paper posted on World-

Paper's Facebook page (emphasis supplied):

> I had the most horrible experience with you guys.  I purchased heat transfer
> from you on 4/28/2016 and they only lasted one wash.  Very bad material
> and very poor customer service because the info you guys provide does not
> exist.  The number 561-200-7616 gets transferred to another number that no
> one answers.  **A company not to trust.**

35.    The following are examples of reviews of World-Paper that were

posted on eBay:

| | | |
|---|---|---|
| The worst vinyl ive ever gotten. Definitely will never order from them agian | Buyer: c***s ( 31 ⭐ ) | |
| Heat Transfer Vinyl Material Press SISER NA CADflex Cutters heat press machine (#221299325212) | US $8.80 | |
| Tried sveral times to contact. Did not recieve item | Buyer: p***d ( 133 ⭐ ) | |
| Inkjet Clear Waterslide Decal transfer Paper - 11"x17" 10 sheets (#231344627455) | US $20.99 | |
| You provided me with left over cuts and scraps not a full 20" x 1 yard! | Buyer: g***n ( 4 ) | |
| Heat Transfer Vinyl Material tshirt Press 20" x yards roll (#231631951664) | US $13.99 | |
| This is the worst vinyl! It does not stick. | Buyer: -***l ( 12 ⭐ ) | |
| HOT ITEM Glitter Heat Transfer Vinyl 10" x 12" vibrant COLORS Siser (#321785264298) | US $12.99 | |
| returned item item never received refund from seller | Buyer: k***t ( 254 ⭐ ) | |
| Heat Press Machine Transfer Vinyl film Material tshirt cutter plotter (#231540094106) | US $15.00 | |
| Scam! Never sent item! Never sent refund! Rude! Do not buy from. | Buyer: b***n ( 412 ⭐ ) | |
| Siser EASYWEED Heat Transfer Vinyl 15"X 5 yd FREE Neon Yellow 20"X 12" Glitter (#321857733415) | US $0.99 | |
| Quality was terrible, awful! | Buyer: n***o ( 60 ⭐ ) | |
| Premium Inkjet Heat Transfer Paper with Super Soft Finish for Black Dark Fabrics (#231245890059) | US $85.00 | |

36.     By selling the infringing and counterfeit products in the United States, Defendants have stolen Plaintiffs' ability to control the quality of their products and associated service, and have misrepresented to the public the origin and quality of Plaintiffs' brands.

37.     Defendants have knowingly used in commerce a reproduction, counterfeit, copy, or colorable imitation of the Plaintiffs' Marks in connection with the sale, offering for sale, distribution and/or advertising of counterfeit versions of Plaintiffs' products, when such use is likely to cause confusion, or to cause mistake and/or to deceive.

38.    Defendants have, among other things, knowingly reproduced, counterfeited, copied, or colorably imitated Plaintiffs' rights in the common-law and registered Plaintiffs' Marks and have knowingly applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, or advertisements intended to be used in commerce upon or in connection with the sale, distribution, or advertising of goods with which such use is likely to cause confusion, or to cause mistake, or to deceive.  The non-genuine products sold by Defendants differ materially from the genuine products sold by Plaintiffs and do not originate with, are not sponsored by and are not distributed by Plaintiffs.

39.    Defendants are intentionally and willfully importing, purchasing, promoting, distributing, offering for sale, and/or selling in the United States and elsewhere, without Plaintiffs' authorization and/or consent, non- genuine or counterfeit Plaintiffs' products, to unfairly and fraudulently compete with Plaintiffs and to benefit from the valuable favorable reputation and goodwill of Plaintiffs' products, Plaintiffs' Marks and Plaintiffs' brands.

40.    Defendants have and continue to use Plaintiffs' Marks in such a fashion as to intentionally create a false impression among the consuming public that their goods originate from Plaintiffs or are sponsored, approved by, managed

and/or affiliated with Plaintiffs, and to misrepresent the origin and quality of goods sold.

41.    Defendants' foregoing acts were and are likely and intended to cause confusion and mistake among the public, customers, prospective customers, creditors, suppliers and others and to deceive them as to, among other things, (i) the affiliation, connection and association of Defendants with Plaintiffs, (ii) the origin, sponsorship, or approval of Defendants goods by Plaintiffs and (iii) the nature, characteristics and quality of Defendants' goods, all of which was and is for the purpose of enhancing the commercial value of, or selling or soliciting sales of, Defendants' products.

42.    By reason of the foregoing, Plaintiffs have suffered and will continue to suffer damage to their property, business, reputation and good will and have suffered and will continue to suffer dilution of the distinctive quality of the Plaintiffs' Marks and have lost and will continue to lose income and profits that Plaintiffs would have earned but for Defendants' foregoing acts.

43.    Defendants' acts were knowing, intentional, willful and extraordinary.

44.    Plaintiffs' remedy at law is inadequate to compensate Plaintiffs fully for their injuries.  Defendants continue to engage in the foregoing activities and, unless enjoined, will continue to do so, all to Plaintiffs' irreparable damage.  It

would be extremely difficult or impossible to estimate the amount of compensation that would afford Plaintiffs complete monetary relief.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement
### Violation of 15 U.S.C. § 1114

45.     Plaintiffs incorporate by reference the allegations of Paragraphs 1-44 of this Complaint.

46.     The unauthorized appropriation and use by Defendants in commerce of Plaintiffs' Marks on packaging and advertising provided and shown to customers in connection with goods that are intended for the same purposes as those offered by Plaintiffs, are likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of Defendants' goods and thus infringe Plaintiffs' rights in the above federally registered marks under 15 U.S.C. § 1114.  Defendants' actions have been carried out in willful disregard of Plaintiffs' rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and constitute an exceptional case within the meaning of the Lanham Act §35 (15 U.S.C. §1117).  Plaintiffs are therefore entitled to recover three times the amount of their actual damages and the attorneys' fees and costs incurred in this action.

<u>SECOND CLAIM FOR RELIEF</u>

**Federal Unfair Competition, False Advertising,**
**False Designation of Origin, and Passing Off**
**Violation of 15 U.S.C. §1125(a)**

47.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 – 46 of this Complaint.

48.     On information and belief, the unauthorized use by Defendants of the designations **EASYWEED, SISER and CADFLEX** for Defendants' own competing goods is likely to cause the public to mistakenly believe that such goods originate from, are endorsed by or are in some way affiliated with Plaintiffs and thus constitute trademark infringement, false advertising, false designation of origin, passing off, and unfair competition and are likely to cause Plaintiffs' Marks to lose their significance as indicators of origin.   Defendants' actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Upon information and belief, the appropriation of Plaintiffs' Marks by Defendants as set forth above is a part of a deliberate plan to trade on the valuable goodwill established in Plaintiffs' Marks.  With knowledge of Plaintiffs and Plaintiffs' rights in Plaintiffs' Marks and with the deliberate intention to unfairly benefit from Plaintiffs' goodwill generated thereby, the actions of Defendants have

been carried out in willful disregard of Plaintiffs' rights in violation of 15 U.S.C. §1125(a) and constitute an exceptional case within the meaning of the Lanham Act §35 (15 U.S.C. §1117). Plaintiffs are, therefore, entitled to recover three times the amount of their actual damages and the attorneys' fees and costs incurred in this action.

## THIRD CLAIM FOR RELIEF

### Federal Copyright Infringement

### Violation of 17 U.S.C. §501

50.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 – 49 of this Complaint.

51.     Plaintiff Siser is the creator of unique and distinctive works, including its webpage content containing original material that is copyrightable subject matter under the Copyright Laws of the United States.

52.     One or more of the Defendants have intentionally cloned, reproduced, distributed copies of, prepared derivative works from, and/or promoted illegal and unauthorized copies of Siser's website content, in violation of Siser's exclusive rights in its copyright pursuant to 17 U.S.C. 501(a).

53.     By reason of the actions of one or more of the Defendants, Defendants have directly, contributorily and/or actively induced infringement of Siser's website

content as protected under the '581 Registration and will continue to do so in this District and elsewhere throughout the United States, to the irreparable damage of Siser unless enjoined by this Court pursuant to 17 U.S.C. §502.

54.     Because the actions of such one or more Defendants, were, upon information and belief, carried out intentionally, willfully and/or deliberately in violation of Siser's proprietary and exclusive rights in its copyright, Siser is entitled to increased statutory damages of $150,000 per infringing act pursuant to 17 U.S.C. § 504 (C)(2).

55.     As a direct and proximate result of the actions of such one or more Defendants, this is an exceptional case, and thus Siser is entitled to an award of attorneys' fees and costs under 17 U.S.C. §505.

### FOURTH CLAIM FOR RELIEF
### Counterfeiting
### Violation of 15 U.S.C. § 1116(d)

56.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 – 55 of this Complaint.

57.      On information and belief, Defendants reproduce Plaintiffs' Marks in their advertising of products that do not originate with Plaintiffs, including on web sites and on packaging.  On information and belief, Defendants intentionally use in commerce "counterfeit marks," knowing such marks to be counterfeit in connection

with the sale, offering for sale and/or distribution of goods and services that are likely to cause confusion, mistake and/or to deceive.  These reproduced marks are identical to or substantially indistinguishable from Plaintiffs' Marks.  Defendants' use of the identical Marks is not authorized by Plaintiffs.  Defendants have no trademark ownership or licensing rights in Plaintiffs' Marks.

58.    Such counterfeiting of Plaintiffs' Marks is actionable under the Counterfeiting Act, 15 U.S.C § 1116(d).

## FIFTH CLAIM FOR RELIEF

### Common Law Unfair Competition, Misappropriation And Trademark Infringement

59.    Plaintiffs incorporate by reference the allegations of Paragraphs 1 - 58 of this Complaint.

60.    By their aforesaid conduct calculated to increase business and profits by deceiving and confusing members of the public, on information and belief Defendants continue to misappropriate the valuable goodwill of Plaintiffs' Marks, to infringe Plaintiffs' rights therein, and to unfairly compete with Plaintiffs under the laws of Michigan.

## SIXTH CLAIM FOR RELIEF

### Unjust Enrichment

61.    Plaintiffs incorporate by reference the allegations of Paragraphs 1 - 60 of this Complaint.

62.    Defendants are being unjustly enriched to the damage and irreparable harm of Plaintiffs.

## SEVENTH CLAIM FOR RELIEF

### Violation of M.C.L.A. § 445.901
### Michigan Consumer Protection Act

63.    Plaintiffs incorporate by reference the allegations of Paragraphs 1 - 62 of this Complaint.

64.    Defendants, through their above-described conduct, will or have already engaged in unlawful, unfair, and fraudulent business practices within the meaning of the Michigan Consumer Protection Act, M.C.L.A. § 445.901 et seq. by causing a probability of confusion as to the source, sponsorship, approval, or certification of Defendants' goods and or services.

65.    Plaintiffs have been damaged by Defendants' aforementioned acts in an amount yet to be determined.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor on each and every claim for relief set forth above and award them relief including, but not limited to, the following:

A.      That SISER s.r.l. is the owner of the entire right, title and interest in and to the EASYWEED, SISER, REFLECTALL and CADFLEX Marks.

B.      That rights in Plaintiffs' Marks are valid, enforceable and violated by Defendants and Defendants have violated and are violating other relevant federal and state laws and regulations.

C.      That Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from (1) using Plaintiffs' Marks, any designations incorporating any of those Marks and any variations thereof; (2) misrepresenting in any way the source of origin of any products they sell; (3) making, manufacturing, importing, using, distributing, shipping, licensing, selling, developing, displaying, delivering, advertising and/or otherwise marketing or disposing of the counterfeit versions of Plaintiffs' products; (4) disposing of, destroying, moving, relocating, or transferring any and all of the counterfeit versions of Plaintiffs' products, as well as the packaging and other items relating to

those counterfeit products; (5) disposing of, destroying, moving, relocating, or transferring any means for making labels, stickers, packages, discs, stationery, business forms and cards or other items relating to Defendants' counterfeit versions of Plaintiffs' products; (6) disposing of, destroying, moving, relocating or transferring any documents pertaining to the importation, sale, receipt, promotion, advertising, distribution, and/or shipment of counterfeit versions of Plaintiffs' products; and (7) otherwise infringing Plaintiffs' Marks and competing unfairly with Plaintiffs.

D.     That Defendants willfully violated Plaintiffs' rights.

E.     That Defendants be required to pay to Plaintiffs' damages according to proof and Plaintiffs' statutory damages, together with prejudgment interest thereon, as Plaintiffs have sustained as a consequence of Defendants' wrongful acts, and to account for and return to Plaintiffs any monies, profits and advantages wrongfully gained by Defendants.

F.     That Defendants be required to pay to Plaintiffs statutory damages and treble damages for Defendants' willful counterfeiting of Plaintiffs' Marks, in accordance with 15 U.S.C. § 1117(b).

G.     That Defendants be held to have infringed Siser's '581 Registration and Plaintiffs be awarded an increased award of statutory damages for willful infringement pursuant to 17 U.S.C. §504 and that Defendants be required to pay Siser's costs of this action along with attorneys' fees as is permitted under 17 U.S.C. § 505.

H.     That all damages sustained by Plaintiffs be trebled.

I.     That Defendants be required to pay to Plaintiffs punitive and exemplary damages.

J.     That Defendants be required to pay to Plaintiffs all attorney fees, expenses and costs incurred in this action.

K.     That Defendants deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all products, fixtures, writings, signage, artwork, equipment, packaging and other materials that infringe Plaintiffs' rights or contributed to the infringement of Plaintiffs' rights, falsely designated source or origin, or otherwise facilitated Defendants' unfair competition with Plaintiffs.

L.     That an Order be issued directing Defendants to file with this Court and serve on Plaintiffs' attorneys, within thirty (30) days after the date of entry of

any injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

M.     That an Order be issued directing Defendants to recall any and all products and materials bearing, copying, reproducing, counterfeiting, or simulating Plaintiffs' Marks or a colorable imitation thereof.

N.     That an Order be issued directing Defendants to account to Plaintiffs for all profits from their infringement of Plaintiffs' Marks.

O.     That Plaintiffs be granted such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

FISHMAN STEWART PLLC

Dated:  December 15, 2016

By:  /s/ Michael B. Stewart
Michael B. Stewart (P45318)
Barbara L. Mandell (P36437)
Melissa R. Atherton (P76532)
Fishman Stewart PLLC
39533 Woodward Avenue, Suite 140
Bloomfield Hills, Michigan 48304
Phone: 248-594-0600
Fax: 248-594-0610
*Attorneys for Plaintiffs*

## **<u>VERIFICATION</u>**

I, Yoann Giorsetti, depose and state that I have personal knowledge of the following:

      (1)   I am the Director of International Sales for Plaintiff Siser North America, Inc.

      (2)   I have carefully read the *Verified Complaint and Jury Demand* and the facts set forth therein are true and correct based on my own personal knowledge. Facts averred on information and belief, I believe to be true.

      (3)   If called as a witness, I am competent to testify to those facts. Further Declarant saith not.

I declare under penalty of perjury that the foregoing is true and correct.

Yoann Giorsetti