UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SISER NORTH AMERICA, INC. ET AL,

        *Plaintiffs*,

Case No. 16-cv-14369
Hon. Gershwin A. Drain

v.

WORLD PAPER INC. ET AL,

        *Defendants*,

v.

MICHAEL L. FEINSTEIN,

        *Respondent*.

_____/

ORDER AFFIRMING MAGISTRATE JUDGE ELIZABETH A. STAFFORD'S ORDER FOR
ATTORNEY MICHAEL L. FEINSTEIN TO REIMBURSE PLAINTIFFS $76,925.53 (#64)
AND OVERRULING RESPONDENT MICHAEL L. FEINSTEIN'S
AMENDED OBJECTIONS (#71)

## I. INTRODUCTION

On March 23, 2018, Magistrate Judge Elizabeth A. Stafford issued an Order
and Opinion granting Plaintiff's Motion to Compel, deeming Admitted Requests to
Admit, Striking the other Discovery Responses, and ordering Florida attorney
Michael L. Feinstein to pay sanctions under Fed. R. Civ. P. 37. Dkt. No. 44, (PageID
786). On May 4, 2018, the Magistrate Judge ordered Michael L. Feinstein ("Mr.

1

Feinstein") to reimburse Plaintiffs $76,925.53. Dkt. No. 64, (PageID 1275). Mr. Feinstein's Objections to the May 4, 2018 Order are now before the Court. Dkt. No. 71, (PageID 2201). The Court has reviewed the Magistrate Judge's Order, as well as the parties' pleadings on the matter, and finds that an additional hearing will not aid in the resolution of this matter. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court affirms Magistrate Judge Stafford's May 4, 2018 Order and overrules Mr. Feinstein's Objections to that Order.

## II.   BACKGROUND

This civil action arose in December of 2016 when Plaintiffs Siser North America, Inc. and Siser S.R.L. ("Plaintiffs") filed their Complaint alleging that Defendants World Paper, Inc., Herika G., Ekaterina Kostioukina, Jerosa Designs LLC[1], HG World Group, Inc., DOES #1-10, and Hernan Gonzalez ("Defendants") illegally advertised and sold inferior counterfeit heat-transfer products on websites such as Amazon and eBay under one or more of Plaintiffs' trademarks – namely, "Cadflex," "Reflectall," "Easyweed," and "Siser." At that time, Plaintiffs were represented by attorneys Barbara L. Mandell ("Ms. Mandell") and Michael B. Stewart ("Mr. Stewart") of Fishman Stewart PLLC, whereas Defendants were represented by attorneys Franklin M. Smith ("Mr. Smith") of Dickinson Wright

---

[1] Ekaterina Kostioukina and Jerosa Designs LLC are no longer defendants in this action.

PLLC ("Dickinson Wright") and Mr. Feinstein[2]. Following a scheduling conference with this Court, a jury trial was set for November 2018.

On October 6, 2017, Plaintiff Siser North America, Inc. filed a Motion to Compel, requesting an order to determine the sufficiency of Defendants' answers to requests to admit, to compel the Defendants to answer interrogatories in good faith, to produce requested documents, to comply with Plaintiffs' third party subpoenas, and to compel the appearance of Defendants' "alleged lead counsel." Dkt. No. 23, (PageID 208). On October 11, Judge Drain referred the Plaintiff's Motion to Compel to be heard and determined by Magistrate Judge Elizabeth A. Stafford pursuant to 28 U.S.C. § 636(b)(1)(A). Dkt. No. 24, (PageID 331).

Following the Defendants' response and Plaintiff's reply, the Court scheduled a hearing and ordered the parties to meet and confer in order to file a joint list of unresolved issues. Dkt. Nos. 26, 28, 29 (PageID 333, 365, 412). On January 8, 2018, the parties filed a joint list of unresolved issues laid out in 84 pages. (PageID 419). On February 12, 2018, Magistrate Judge Stafford ordered an evidentiary hearing on Plaintiff's Motion to Compel and for Defendants to show cause why they should not be sanctioned under Rule 37(a)(5) and the Court's inherent authority. Dkt. No. 34, (PageID 508). The evidentiary hearing took place on March 9, 2018 before

---

[2] Both Mr. Smith and Mr. Feinstein have since been permitted to withdraw as counsel.

Magistrate Judge Stafford. *See* Transcript of Evidentiary Hearing at Dkt. No. 42, (PageID 671). On March 23, 2018, Magistrate Judge Stafford issued an Order and Opinion granting Plaintiff's Motion to Compel, deeming Admitted Requests to Admit, Striking the other Discovery Responses, and ordering Mr. Feinstein to pay sanctions under Fed. R. Civ. P. 37. Dkt. No. 44, (PageID 786). Plaintiffs then submitted a Bill of Costs with a supporting affidavit outlining the fees incurred as a result of the discovery issues raised in the Motion to Compel. Dkt. No. 49, (PageID 872). Based on this submission, Magistrate Judge Stafford on May 4, 2018 ordered Mr. Feinstein to reimburse Plaintiffs $76,925.53. Dkt. No. 64, (PageID 1253). Mr. Feinstein missed the 14-day deadline to object to Magistrate Judge Stafford's March 23, 2018 Order and Opinion, and on May 7, 2018 the undersigned denied Mr. Feinstein's Motion to Extend the Deadline. Dkt. No. 68, (PageID 1265). On May 18, 2018, Mr. Feinstein filed Objections to the Magistrate Judge's May 4 Order, which he subsequently amended that same day. Dkt. No. 71, (PageID 2201). The Court now reviews Mr. Feinstein's Amended Objections pursuant to 28 U.S.C. § 636(b)(1).

**III. STANDARD OF REVIEW**

A party has 14 days to object to a magistrate judge's proposed findings on designated pretrial matters. 28 U.S.C. § 636(b)(1)(A). A U.S. district court judge may reconsider a designated pretrial matter only if the magistrate judge's findings

4

are clearly erroneous or contrary to law. *Id.* A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under this standard, a reviewing court cannot simply reverse a decision because it would have weighed the evidence differently as the finder of fact. *Id.* at 574 (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949)).

## IV.   ANALYSIS

Mr. Feinstein makes two main objections to Magistrate Judge Stafford's findings: the first challenges the underlying reasons for why the Rule 37 sanctions were imposed, and the second challenges the amount of attorneys' fees and costs he was ordered to pay. Obj. at 9. The Court will address each objection and its subparts in turn.

### a.   OBJECTION #1

Mr. Feinstein first objects to the underlying reasons for why he was sanctioned to pay the Plaintiffs' fees. Dkt. No. 71, (PageID 2209). But Mr. Feinstein missed his deadline to object to the Magistrate Judge's March 23, 2018 Order and Opinion outlining these reasons, and was not granted an extension to do so. Dkt. No. 68, (PageID 1265). By attempting to object to the Magistrate Judge's March 23, 2018

Order and Opinion in his objection to her May 4, 2018 Order, Mr. Feinstein is attempting to insubordinately skirt this Court's authority and procedure. As such, the Court is under no obligation to consider Mr. Feinstein's first objection. Nonetheless, even if the Court were to do so, Mr. Feinstein's first objection is still without merit.

Mr. Feinstein claims that it was Plaintiff's counsel, Mr. Stewart, who hindered the parties' meet and confer on February 16, 2018 since Mr. Smith and Dickinson Wright were authorized to provide representation for the Plaintiffs in this meeting, even though Mr. Feinstein had not yet been admitted to practice in this Court. Dkt. No. 71, (PageID 2209-10). Mr. Feinstein goes on to claim that Mr. Smith is to blame for failing to advise Mr. Stewart that he was fully authorized to participate in the meet and confer. *Id.*

As Plaintiffs point out in their Response to the Objections, Mr. Feinstein was indeed present at the February 16, 2018 meet and confer. Dkt. No. 74, (PageID 2277). In fact, he had entered his appearance on January 5, 2018. *Id.* In his Reply to the Response, Mr. Feinstein states that he meant to refer to the parties' December 13, 2017 meet and confer. Dkt. No. 71, (PageID 2370). Regardless, Mr. Feinstein failed to follow Judge Drain's directive at the August 2017 scheduling conference to make an appearance as soon as possible, waiting another five months until January 5, 2018 to finally make an appearance in this Court. Dkt. No. 44, (PageID 800-01).

6

To make matters worse, Mr. Feinstein also proceeded to prepare discovery responses before ever filing an appearance with this Court. As Magistrate Judge Stafford rightfully concluded, this impudent behavior is disrespectful and unacceptable. *Id.*, (PageID 787).

Additionally, Mr. Feinstein claims he never received notice that the proposed sanctions set forth in the Amended Motion for Order to Show Cause were directed at him personally. Dkt. No. 71, (PageID 2210). He claims that his due process rights were violated because he never had an opportunity to be heard regarding the imposition of sanctions against him personally. *Id.* These claims are without merit. On February 12, 2018, Magistrate Judge Stafford entered a Corrected Order for Evidentiary Hearing on Plaintiff's Motion to Compel, and for Defendants to Show Cause Why They Should Not Be Sanctioned under Fed. R. Civ. P. 37(a)(5) and the Court's Inherent Authority. Dkt. No. 34, (PageID 508). The Evidentiary Hearing took place on March 9, 2018. Dkt. No. 42, (PageID 671). At this Hearing, Magistrate Judge Stafford incontrovertibly put Mr. Feinstein on notice by personally telling him she might imminently sanction him:

> So I'm going to let you know that I already have sufficient evidence to conclude that I am going to sanction you. And so this is your opportunity to try to demonstrate any – but really, as we come here today and what you've done since that Order, it's just more of the same. It's just a different way of failing to respond [....] This is not acceptable.

7

Dkt. No. 42, (PageID 687). Thus, Magistrate Judge Stafford only sanctioned Mr. Feinstein "after giving an opportunity to be heard," as required by Fed. R. Civ. P. 37(a)(5)(A). Mr. Feinstein's due process claim simply falls flat.

Mr. Feinstein also claims that Mr. Smith committed fraud on the Court at the March 9, 2018 hearing by stating that he never conferred with Mr. Feinstein concerning discovery and that he did not authorize Mr. Feinstein to use his signature. Dkt. No. 71, (PageID 2213). He points to Exhibit C to prove his communications with Mr. Smith to the contrary. *Id.*, (PageID 2214). Mr. Feinstein's claim is without merit. As Magistrate Judge Stafford thoroughly explained, the record shows that Mr. Feinstein "prepared and served the discovery responses, and added Smith's signature without Smith's having even reviewed the responses." Dkt. No. 44, (PageID 800). Furthermore, Mr. Feinstein did this before entering an appearance in this Court. *Id.* As Mr. Smith and Dickinson Wright point out in their Response, the correspondence from Mr. Smith to Mr. Feinstein in Exhibit C only gave Mr. Feinstein the limited permission to sign Mr. Smith's name on one specific document – Defendants' Requests for Admission to Plaintiff. Dkt. No. 73, (PageID 2274). The language used by Mr. Smith in his email makes it clear to any reader that the authorization to sign his name was not a blank check to be used freely for any other purpose. Rather than recognizing his fault in the matter, Mr. Feinstein has resorted to pointing fingers at Mr. Smith to deflect his own blame.

Next, Mr. Feinstein claims that Mr. Smith was responsible to modify the untimely discovery documents–which he alleges he sent to Mr. Smith via FedEx on February 24, 2018–into a proper format before delivering it to Plaintiffs. Dkt. No. 71, (PageID 2214). Mr. Feinstein argues that Mr. Smith's firm was retained in part due to the firm's capabilities in providing more expansive discovery support. *Id*. Mr. Feinstein provides no evidentiary support from the record for this claim; thus, it is deemed without merit.

Finally, Mr. Feinstein claims that there is no substantial evidentiary support for his sanctions. *Id*., (PageID 2214). He claims that Mr. Smith abandoned the Defendant by failing to provide further representation and logistical support upon learning that Defendants had untimely produced an additional 15,000 pages of documents not yet disclosed to counsel – even though Mr. Smith and his firm were still fully engaged by Defendants. *Id*., (PageID 2215). Mr. Feinstein also argues that the Magistrate Judge's finding that Mr. Feinstein was responsible under Rule 26 to have knowledge of the additional 15,000 pages of discovery is not supported by law or fact, especially since she never found that these documents were actually under the custody of Defendants. *Id*. He goes on to argue that the Magistrate Judge never made a finding under Rule 37(a)(5)(A) that Mr. Feinstein advised Defendant to not produce these documents. *Id*., (PageID 2216). Thus, he believes the Magistrate Judge wrongly imposed sanctions. *Id*. Mr. Feinstein once again is attempting to

9

wrongfully deflect blame onto Mr. Smith, neglecting to respond for the egregious discovery abuses and other misbehavior he has demonstrated throughout the course of this case.

Mr. Feinstein has failed to demonstrate that Magistrate Judge Stafford's Order is clearly erroneous or contrary to law. Rather, he has continued to engage in the very same antics that wound him up in this mess in the first place.

### b. OBJECTION #2

Mr. Feinstein's second objection is to the amount of attorneys' fees he must reimburse to Plaintiffs pursuant to the Magistrate Judge's May 4, 2018 Order. *Id.*, (PageID 2216). He claims that the attorneys' fees are unreasonable, and were never evaluated in an evidentiary hearing. *Id.*, (PageID 2216). Mr. Feinstein also claims that Plaintiffs' attorneys Mr. Stewart (Partner), Ms. Mandell (Partner), and Ms. Atherton (Associate) have not provided "any evidence supporting" their respective hourly rates of $550 per hour, $470 per hour, and $265 per hour. *Id.*, (PageID 2219).

Mr. Feinstein's second objection fails to convince this Court that Magistrate Judge Stafford's finding as to the Bill of Costs is clearly erroneous or contrary to law. For calculating attorneys' fees, the Court uses the lodestar method of multiplying a reasonable hourly rate by the number of reasonable hours expended. *United States ex. rel. Tingley v. PNC Fin. Servs. Grp.*, 705 F. App'x 342, 348 (6th Cir. 2017). The Plaintiffs complied with the lodestar method in its computation of

10

attorneys' fees and costs, even providing a detailed log of the hours spent on specific work for which Plaintiffs may recover according to the Court's March 23, 2018 Order and Opinion. Dkt. No. 50-1, (PageID 896-907).

Additionally, Plaintiffs have produced concrete evidence to support their respective hourly rates, providing an excerpt from the 2017 American Intellectual Property Law Association ("AIPLA") Report of the Economic Survey listing the average hourly billing rates for Intellectual Property ("IP") lawyers. Dkt. No. 49-5, (PageID 890). As Plaintiffs correctly note in the Bill of Costs, their counsel's hourly billing rates are actually lower than the averages listed for counsel's years of experience. Dkt. No. 50, (PageID 876-77). In his Objection, Mr. Feinstein argues that Mr. Stewart's hourly billing rate of $550 per hour is unreasonable for his 27 years of experience when compared to the attorney in the *Hertel* case that had 37 years of experience and billed an hourly rate of $275. Dkt. No. 71, (PageID 2219); *Hertel v. Mortg. Elec. Registration Sys.*, No. 1:12-CV-174, 2013 U.S. Dist. LEXIS 41132, at *7 (W.D. Mich. Mar. 25, 2013).

However, Mr. Feinstein's argument is seriously misplaced since Mr. Stewart's hourly billing rate is determined by his specific qualifications and years of experience as an IP lawyer. Dkt. No. 49-5, (PageID 890). Moreover, neither the *Hertel* case nor any one of the cases Mr. Feinstein cited in support of his second objection is binding authority on this Court. Dkt. No. 71, (PageID 2217-20).

11

Mr. Feinstein's second objection is without merit, and does not come close to showing that Magistrate Judge Stafford's Order to Reimburse Plaintiffs is clearly erroneous or contrary to law.

## V.     CONCLUSION

Because Respondent Feinstein's Amended Objections lack merit, they are **OVERRULED** and Magistrate Judge Stafford's May 4, 2018 Order is **AFFIRMED.**

SO ORDERED.

Dated:  July 20, 2018                                   /s/Gershwin A. Drain
                                                        GERSHWIN A. DRAIN
                                                        United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 20, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk

12