UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SISER NORTH AMERICA, INC., *et al.*,

        Plaintiffs,

v.

WORLD PAPER INC., *et al.*,

        Defendants.

Case No. 16-cv-14369
Hon. Gershwin A. Drain

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER [#76] AND DENYING MICHAEL L. FEINSTEIN'S MOTION FOR SHORT DELAY [#81]

**I.    INTRODUCTION**

On June 1, 2018, Defendants moved for a protective order regarding the disclosure of privileged documents Mr. Feinstein attached as exhibits in support of his Objections to the Magistrate Judge's Order Imposing Sanctions. [Dkt. Nos. 76, 69, 70]. On June 15, 2018, Plaintiffs responded to the Defendants' Motion [ Dkt. No. 80]. On June 18, 2018, Mr. Feinstein moved for an extension of time to file a Reply to Plaintiffs' Response concerning Mr. Feinstein's Objections to Magistrate Judge Stafford's Order Awarding Sanctions [Dkt. No. 74], as well as an extension to respond to Defendants' Motion for Protective Order Regarding Disclosure of

Privileged Documents [Dkt. No. 76]. On June 20, 2018, Plaintiffs responded to Mr. Feinstein's Motion for Short Delay [Dkt. No. 82]. On June 22, 2018, Defendants replied to Plaintiffs' Response concerning the Motion for Protective Order [Dkt. No. 83], which is presently before the Court.

Upon review of the parties' submissions, the Court finds that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion for Protective Order on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

## II.   BACKGROUND

This civil action arose in December of 2016 when Plaintiffs Siser North America, Inc. and Siser S.R.L. ("Plaintiffs") filed their Complaint alleging that Defendants World Paper, Inc., Herika G., Ekaterina Kostioukina, Jerosa Designs LLC[1], HG World Group, Inc., DOES #1-10, and Hernan Gonzalez ("Defendants") illegally advertised and sold inferior counterfeit heat-transfer products on websites such as Amazon and eBay under one or more of Plaintiffs' trademarks – namely, "Cadflex," "Reflectall," "Easyweed," and "Siser." At that time, Plaintiffs were represented by attorneys Barbara L. Mandell ("Ms. Mandell") and Michael B. Stewart ("Mr. Stewart") of Fishman Stewart PLLC, whereas Defendants were represented by attorneys Franklin M. Smith ("Mr. Smith") of Dickinson Wright

---

[1] Ekaterina Kostioukina and Jerosa Designs LLC are no longer defendants in this action.

2

PLLC ("Dickinson Wright") and Mr. Feinstein[2]. Following a scheduling conference with this Court, a jury trial was set for November 2018.

On October 6, 2017, Plaintiffs filed a motion to compel discovery from Defendants. *See* Dkt. No. 23. In February of 2018, a hearing was held by the Court concerning the Plaintiff's motion to compel and for Defendants to show cause why they should not be sanctioned. *See* Dkt. No. 35. On May 4, 2018, Magistrate Judge Stafford ordered Mr. Feinstein to reimburse Plaintiffs $76,925. 53. *See* Dkt. No. 64.

On May 7, 2018, this Court permitted Mr. Feinstein to withdraw as counsel for Defendants. *See* Dkt. No. 68. On that same day, Mr. Shreve entered an appearance as counsel on behalf of Mr. Feinstein. *See* Dkt. No. 65. On May 18, 2018, Mr. Feinstein objected to the Magistrate Judge's order. *See* Dkt. No. 71. As part of the exhibits to his objections, Mr. Feinstein filed documents under seal that are covered by attorney-client privilege. *See* Dkt. No. 70. On July 20, 2018, the Court affirmed Magistrate Judge Stafford's order requiring Mr. Feinstein to reimburse Plaintiffs $76,925. 53. *See* Dkt. No. 87. Through their new counsel, Michael J. Rock ("Mr. Rock"), Defendants now move for a protective order

---

[2] Both Mr. Smith and Mr. Feinstein have since been permitted to withdraw as counsel.

regarding Mr. Feinstein's disclosure of privileged documents used as exhibits to his objections.

## III. STANDARD OF REVIEW

Protective orders are governed by Federal Rule of Civil Procedure 26(c)(1), which states in relevant part:

> **(1)** *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery[.]

FED. R. CIV. P. 26(c)(1). In other words, "a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of 'good cause[.]'" *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016).

## IV. DISCUSSION

### a. MR. FEINSTEIN'S MOTION FOR SHORT DELAY [81]

To begin, Mr. Feinstein's motion to extend his deadline to respond to Plaintiffs concerning the Magistrate Judge's order imposing sanctions is now moot

since the Court has since affirmed this order. *See* Dkt. No. 87. Additionally, the Court denies Mr. Feinstein's request to extend his deadline in responding to Defendants' motion for a protective order. As Plaintiffs pointed out in their response to this motion, Mr. Feinstein's attorney, Mr. Shreve, is counsel of record and receives documents filed electronically with the Court. Dkt. No. 82, p. 5 (Page ID 2465). Thus, Plaintiffs had no reason to order service directly to Mr. Feinstein. Mr. Feinstein's baseless excuses do not persuade this Court.

### b. DEFENDANTS' ARGUMENTS FOR PROTECTIVE ORDER

Defendants make several arguments to support their motion for a protective order. First, Defendants argue that Mr. Feinstein's disclosure of attorney-client privileged documents does not constitute a waiver of attorney-client privilege since Defendants did not authorize any such disclosure. Dkt. No. 76, (Page ID 2380). Defendants also claim that although they waived privilege for the limited scope of Mr. Feinstein attaching Mr. Smith's billing statements as an exhibit to his objections, Defendants did not waive privilege for any other purpose. *Id.*, (Page ID 2382). In Exhibit 2, Defendants have attached the email communications between Mr. Feinstein and Defendants' current counsel, Mr. Rock, showing the limited scope of waiver. *See* Dkt. No. 76-2.

Second, Defendants argue that the protective order previously entered by this Court on August 18, 2017 should control to prohibit Plaintiffs from using privileged information that has been disclosed by Messrs. Feinstein and Shreve. Dkt. No. 76, p. 7-8 (Page ID 2381-82). The existing protective order mandates the return of any privileged information inadvertently produced by either party, and provides that any such disclosure does not constitute a waiver of privilege. *See* Dkt. No. 21, p. 11-12 (Page ID 194-95). Defendants claim that the existing protective order was originally granted to prevent the disclosure of privileged materials where there had been no waiver of privilege. Therefore, they argue, the purpose of the existing protective order is essentially the same as the protective order the Defendants now seek—despite the fact that the protective order applied to *inadvertent* disclosure rather than the *intentional* disclosure presently at issue. *See* Dkt. No. 21; Dkt. No. 76, p. 8 (Page ID 2382).

Third, the Defendants seek sanctions against Messrs. Feinstein and Shreve, both jointly and severally, claiming that Defendants had to file this motion "solely based on the mass disclosure of privileged documents by Mr. Feinstein and his counsel." Dkt. No. 76, p. 9 (Page ID 2383).

### c. PLAINTIFFS' ARGUMENTS AGAINST PROTECTIVE ORDER

Plaintiffs respond to the Motion for Protective Order with two major arguments. First, Plaintiffs assert that privilege here has been waived since Mr. Feinstein and Mr. Shreve are third parties in this case and will continue to have access to the privileged documents. Dkt. No. 80, p. 6 (Page ID 2404). Plaintiffs point to *Tenn. Laborers Health & Welfare Fund v. Columbia/Hca Healthcare Corp.*, 293 F.3d 289 (6th Cir. 2002) in claiming that waiving privilege to one party constitutes a complete waiver. Dkt. No. 80, p. 6 (Page ID 2404). Additionally, Plaintiffs argue that the Defendants failed to take prompt steps to protect the confidentiality of the disclosed documents, precluding their ability to obtain a protective order. *Id.*, p. 7-10 (Page ID 2405-08).

Second, Plaintiffs argue that counsel are implicitly authorized to waive privilege on behalf of their clients; thus, Mr. Feinstein waived privilege on behalf of Defendants because it is likely that Mr. Feinstein disclosed these documents to Mr. Shreve before withdrawing as Defendants' counsel. *Id.*, p. 11 (Page ID 2409).

### d. ANALYSIS

Mr. Feinstein permissibly revealed Defendants' privileged communications pursuant to Michigan Rule of Professional Conduct 1.6(c)(5), which states in relevant part that:

> (c) A lawyer may reveal: […]
>
>> (5) confidences or secrets necessary to establish or collect a fee, or to defend the lawyer or the lawyer's employees or associates against an accusation of wrongful conduct.

MRPC 1.6(c)(5). Mr. Feinstein disclosed the privileged documents used as exhibits in order to defend himself against sanctions. *See* Dkt. Nos. 69-70. Therefore, Mr. Feinstein was defending himself "against an accusation of wrongful conduct." MRPC 1.6(c)(5). As a result, his disclosure did not constitute a waiver of privilege since it was done pursuant to MRPC for the limited scope of defending himself against accusations of wrongful conduct. It is also important to note that Mr. Feinstein is not just any third party; he is Defendants' former counsel. *See* Dkt. No. 68. Thus, an attorney-client relationship existed between Mr. Feinstein and Defendants. *Id*. As discussed above, however, Mr. Feinstein appropriately disclosed information protected by attorney-client privilege pursuant to MRPC 1.6(c)(5). Since Mr. Feinstein hired Mr. Shreve as his personal attorney in order to defend himself from the accusations of wrongful conduct, Mr. Feinstein permissibly disclosed privileged information to Mr. Shreve because he did so within the scope of Mr. Shreve's defense of Mr. Feinstein.

The comments to Michigan Rule of Professional Conduct 1.6 provide guidance as to how an attorney in Mr. Feinstein's position should proceed in disclosing confidences:

> In any event, disclosure should be no greater than the lawyer reasonably believes is necessary to vindicate innocence, the disclosure should be made in a manner which limits access to the information to the tribunal or other persons having a need to know it, and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable.

MRPC, Comments to Rule 1.6. Mr. Feinstein appropriately limited access to the privileged information in the exhibits to the tribunal and the other parties in the case, even filing the exhibits to his objections under seal with this Court. *See* Dkt. Nos. 69-70. The comments also indicate that the lawyer who is disclosing privileged information should seek "appropriate protective orders or other arrangements[…] to the fullest extent practicable." MRPC, Comments to Rule 1.6. Mr. Feinstein is no longer Defendants' counsel as of May 7, 2018; therefore, he can no longer seek an appropriate protective order on behalf of Defendants. *See* Dkt. No. 68. Current counsel for Defendants, however, does seek a protective order to prevent Plaintiffs from using the privileged information against Defendants. *See* Dkt. No. 76. A protective order in this case would adhere to the Comments' suggestion of obtaining such an order, thus safeguarding the Defendants from any prejudice stemming from disclosure of privileged information pursuant to Michigan Rule of Professional Conduct 1.6(c)(5) by Mr. Feinstein.

The Florida Rules of Professional Conduct contain very similar language in both its text and comments. Florida Rule of Professional Conduct 4-1.6(c) states in relevant part:

> **(c)** *When Lawyer May Reveal Information.* --A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
>> **(4)** to respond to allegations in any proceeding concerning the lawyer's representation of the client; or

Fla. Bar Reg. R. 4-1.6(c)(4). The comments to this rule also indicate that an attorney responding to allegations about his conduct during representation of a client may disclose confidences in order to secure legal advice:

> A lawyer's confidentiality obligations do not preclude a lawyer from securing confidential legal advice about the lawyer's personal responsibility to comply with these rules. In most situations, disclosing information to secure such advice will be impliedly authorized for the lawyer to carry out the representation.

Fla. Bar Reg., Comments to R. 4-1.6. Therefore, Mr. Feinstein also complied with the Florida Rules of Professional Conduct by disclosing privileged information to respond to allegations that would lead to sanctions. Mr. Feinstein was permitted to disclose privileged information to his attorney, Mr. Shreve, in defending against such allegations according to the comments of the rule.

Therefore, Mr. Feinstein permissibly disclosed privileged information to defend against accusations of wrongdoing pursuant to both Michigan Rule of Professional Conduct 1.6(c)(5) and Florida Rule of Professional Conduct 4-

1.6(c)(4). According to the Comments to Michigan Rule of Professional Conduct 1.6, Defendants are permitted to obtain a protective order concerning the privileged documents disclosed by Mr. Feinstein.

**V.     Conclusion**

For the foregoing reasons, the Court **DENIES** Michael L. Feinstein's Motion for Short Delay [#81] and **GRANTS** Defendants' Motion for Protective Order [#76].  Plaintiff shall return all privileged documents to Defendants, destroy any retained copies of privileged documents, and are prohibited from using any privileged documents disclosed by Mr. Feinstein in this action or in any other action against the Defendants.

Additionally, neither Mr. Feinstein nor his attorney Mr. Shreve are subject to sanctions for the disclosure of the privileged documents since they permissibly did so pursuant to Michigan Rule of Professional Conduct 1.6(c)(5).

**SO ORDERED.**

Dated: August 8, 2018

/s/ Gershwin A. Drain
U.S. District Court Judge

11

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 8, 2018, by electronic and/or ordinary mail.
<u>/s/ Tanya Bankston</u>
Deputy Clerk